UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 23, 2019

RE: *Jacqueline H. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-2303

Dear Plaintiff and Counsel:

On July 27, 2018, Plaintiff, who appears *pro se,* petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered both parties' dispositive motions, and Plaintiff's reply. ECF 13, 16, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claims for benefits on June 18, 2014, alleging an onset date of December 1, 2013. Tr. 283-98. Her claims were denied initially and on reconsideration. Tr. 198-202, 205-06. A hearing, at which Plaintiff was represented by counsel, was held on May 18, 2017, before an Administrative Law Judge ("ALJ"). Tr. 83-119. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-20. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of lumbar degenerative disc disease and obesity. Tr. 12. The ALJ determined that, despite these impairments, Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders, ropes, or scaffolds; frequent climbing of ramps, or stairs; frequent stooping, crouching, kneeling, or crawling; able to remain on task 90 percent of the 8-hour workday.

Tr. 14. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform past relevant work as a nursery school attendant and teacher aide I, as normally performed. Tr. 19. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 20.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, although substantial evidence supports some of the ALJ's decision, the ALJ's analysis of Listing 1.04 was erroneous and deficient, and the ALJ failed to support her conclusion regarding Plaintiff's ability to stay on task. Accordingly, remand is warranted.

The ALJ proceeded in accordance with applicable law at the first two steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one, with the exception of a period between December 2013 and June 2014, and determined that during the remainder of the period at issue, Plaintiff had not engaged in substantial gainful activity. Tr. 11-12; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented her from working. Tr. 12-13; *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ determined that Plaintiff's other medically determinable impairments were non-severe, including obstructive sleep apnea, asthma, hypertension, epidermoid cyst, right nasal polyp, anxiety, and depression.[1] Tr. 12-13. Although Plaintiff contests that determination with respect to the severity of her mental impairments, the ALJ properly supported her assessment and used the special technique applicable to the evaluation of mental impairments, including citations to medical evidence. *Id*. Moreover, after finding Plaintiff's degenerative disc disease and obesity to be severe, Tr. 12, the ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which her physical and mental impairments limited her ability to work. *See, e.g.*, Tr. 18 (evaluation of Plaintiff's alleged mental health conditions in the RFC assessment).

The most significant error in this case occurred at step three, where the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 14. In particular, the ALJ identified and considered Listing 1.04 (disorders of the spine). *Id*. The entirety of the analysis stated:

> The available medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under listing 1.04. Moreover, there is no evidence that the claimant's back disorder has resulted in an inability to ambulate effectively, as defined in 1.00B2b.

---

[1] In addition to the other errors discussed herein, the ALJ failed to identify the diagnosed degenerative changes and arthritis in Plaintiff's knees. Tr. 580, 906. The ALJ did not determine whether Plaintiff's knee impairments were severe or non-severe at step two, which constitutes error. There was, however, some limited discussion of Plaintiff's knee pain and knee-related treatment in the RFC assessment. Tr. 16-17. Ultimately, because the case is being remanded for other reasons, I need not determine whether the ALJ's step two error was harmless.

*Id.* In those two sentences, the ALJ conclusorily stated that the available evidence did not support any of the initial criteria for Listings 1.04A, B, or C. The problem is that, at least as to two of those three criteria, the ALJ's assertion was factually incorrect. Objective testing showed both nerve root impingement and lumbar spinal stenosis. *See, e.g.*, Tr. 711 (MRI results). In fact, the ALJ acknowledged the stenosis elsewhere in the opinion. Tr. 15 (citing the MRI results showing "multilevel canal stenosis, most severe at L3-L4, of the lumbar spine"). The factual error cannot be deemed harmless in this circumstance, since evidence in the record also suggests the possible presence of at least most of the remaining criteria of Listing 1.04A. *See, e.g.*, Tr. 715 (evidence of pain radiating to leg and "very limited" range of motion on examination); Tr. 550 (evidence of muscle weakness); Tr. 434 (positive straight leg raising test). Despite the Commissioner's assertion, ECF 16-1 at 13, the ALJ did not comprehensively address each of the relevant criteria in other areas of the opinion. Thus, this case is similar to *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013). In *Radford*, the Court found the ALJ's decision to be "devoid of reasoning," in that the ALJ did not support the conclusory assertion that the claimant's impairments did not meet a listing. 734 F.3d at 295. The Court concluded that the ALJ's lack of explanation rendered it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Id.* at 295-96. Here, the ALJ's opinion suffers from a similar lack of explanation, exacerbated by inaccurate statements of fact. Accordingly, remand is appropriate to permit the ALJ to consider the listings pertaining to disorders of the spine.

Because the case is being remanded at step three, I need not address the remainder of the ALJ's analysis, particularly as the analysis may change on remand. I note, however, that the ALJ's RFC assessment stated that Plaintiff was "able to remain on task 90 percent of the 8-hour workday." Tr. 14. The ensuing discussion contains no explanation as to how that determination was reached. The ALJ claimed she "accounted for [the claimant's] longstanding history of pain with the above off task limitation," Tr. 17, but cited no evidence pertaining to Plaintiff's time off task due to her pain, or the percentage of time she would be off task. Instead, it appears that the ALJ simply adopted the percentage of time on task the VE testified would be required to sustain substantial gainful employment, without citing any evidentiary basis for that finding. On remand, the ALJ should ensure that each portion of the RFC assessment is supported by substantial evidence.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge